1 U.S. 110
 1 Dall. 110
 1 L.Ed. 59
 Respublica
v.
Keating
 No. ____.
 Court of Oyer and Terminer, at Philadelphia
 October Sessions, 1784
 
 1
 Luke Keating was indicted for forging a promisory note payable to John Meng, with a forged indorsement of John Meng & Co. Lewis, for the defendant, objected to the admission of Meng's testimony; contending, that if Meng could prove that the note was false, it would discharge him from the payment; and if he proved it to be a genuine note, his evidence might be given against him in a civil action founded upon the note; in either event he was an interested witness, and, consequently, an incompetent one. Salk. 283. Hardr. 331. 2, Hawk. 433. Stra. 728. 1043. 1104.
 
 
 2
 Ingersol (who prosecuted on this occasion for the Attorney General) argued, that, to prevent an interruption and failure of justice, and the escape of offenders, the injured person was in all cases of indictment a competent witness. Vent. 49. 78. Vin. tit. Evid. pl. 26. 2, Stra. 1229. and Abrams vs Bunn establish this doctrine. 4 Burr. 2252. He insisted that the evidence given by Meng on the present trial could not affect him in a civil action; and observed, that if any thing relative to the civil action should decide the case before the court, the probability was, that Meng's testimony would be favourable to the prisoner; for if Meng swears the note to be false, he can gain nothing; but if he proves it to be true, he testifies against his own interest.
 
 
 3
 Lewis, in reply, acknowledged that the evidence given on this trial, could not be offered in favour of Meng on another; but he urged, that if the note itself were proved to be forged, it might be detained by the court and not suffered afterwards to be sued; on the same principle that it is said in 6 Co. 45. 'the court will damn a bond, on which the obligee has recovered.'
 
 
 4
 M'Kean, Chief Justice.
 
 
 5
 The court will not detain a note or bond in the circumstances mentioned. With respect to the competency of the witness, I remember a case before Chew, Chief Justice, where one Chapman was indicted for playing with false dice, and the person cheated was admitted to be a witness. On the authority of that decision, in a recent trial at Lancaster, the injured party was allowed to give evidence, after a full argument upon the present objection. We have, therefore, no doubt that Meng is a competent witness.